IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID A. FOLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JOSEPH R. BIDEN, JR., | § | Civil Action No.  4:21-cv-01098-O |
| In his official capacity as the President of | § | |
| the United States of America, | § | |
| | § | |
| Defendant. | § | |

## ORDER ON PRELIMINARY INJUNCTION

Before the Court are Plaintiff's Motion for Preliminary Injunction (ECF No.4), filed September 29, 2021 and Defendant's Response (ECF No. 16), filed October 5, 2021. After reviewing the briefing, relevant facts, and applicable law, the Court finds the Motion is **DENIED.**

I.   BACKGROUND

On September 9, 2021, President Biden issued an Executive Order requiring federal employees, with limited exceptions, to receive a COVID-19 vaccine. *See* Exec. Order 14043, 86 Fed. Reg. 50,989 (Sept. 14, 2021). Federal employees who do not obtain an exception must be fully vaccinated "no later than November 22, 2021." Def.'s Resp. 7, ECF No. 16 (quoting Task Force, COVID-19 Workplace Safety: Agency Model Safety Principles at 1 (updated Sept. 13, 2021), https://perma.cc/7NZX-KUE6). On September 29, 2021, Plaintiff (an attorney at the National Labor Relations Board ("NLRB")) filed this lawsuit against President Biden. *See* Compl., ECF No. 1. He proffers three arguments in hopes of gaining declaratory and injunctive relief against President Biden to invalidate the Executive Order. First, he argues the order is a violation of his First Amendment Rights because Plaintiff may be required to endorse the order or terminate

employment of those who refuse to comply. *See id.* ¶ 94–98. Second, he argues the order is a violation of the Administrative Procedure Act and procedural due process. *See id.* ¶ 99–108. Third, he argues the order is a violation of substantive due process and equal protection. *See id.* ¶ 109–131. Plaintiff then moved for a preliminary injunction, asking the Court to enjoin the Executive Order. *See* Pl.'s Mot. for Prelim. Inj., ECF No. 4.

## II.     LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy" and will only be granted if the movant carries its burden on all four requirements. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). The Court may issue a preliminary injunction if the movant establishes (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the balance of hardships weighs in the movant's favor; and (4) that the issuance of the preliminary injunction will not disserve the public interest. *See Daniels Health Servs., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013); *Concerned Women for Am. v. Lafayette Cnty.*, 883 F.2d 32, 34 (5th Cir. 1989); *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000), *aff'd* 244 F.3d 134 (5th Cir. 2000); *see also* Fed. R. Civ. P. 65; *TGI Friday's, Inc. v. Great Nw. Rest., Inc.*, 652 F. Supp. 2d 763, 767 (N.D. Tex. 2009) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision whether to grant a preliminary injunction is within the discretion of the court . . . .") (internal quotations omitted).

The movant must make a clear showing that the injunction is warranted, and the issuance of a preliminary injunction "is to be treated as the exception rather than the rule." *Jones*, 122 F. Supp. 2d at 718 (citing *Miss. Power & Light Co.*, 760 F.2d at 621). Furthermore, when a plaintiff seeks a preliminary injunction, there is a heavier burden on plaintiff to establish that injunctive relief is appropriate. *See Mathis v. Conn. Gen. Life Ins. Co.*, 882 F. Supp. 92, 94 (N.D. Tex. 1994)

(citing *Tate v. Am. Tugs, Inc.*, 634 F.2d 869, 870 (5th Cir. 1981)); *see also Rush v. Nat'l Bd. of Med. Examiners*, 268 F. Supp.2d 673, 678 (N.D. Tex. 2003) (quoting *Harris v. Wilters*, 596 F.2d 678, 680 (5th Cir. 1979)) ("Only in rare instances is the issuance of a mandatory preliminary injunction proper.") (internal quotations omitted).

### III.   ANALYSIS

Courts have repeatedly held that the judicial branch lacks the jurisdiction to enjoin the President of the United States. *See Newdow v. Roberts*, 603 F.3d 1002, 1013 (D.C. Cir. 2010) ("With regard to the President, courts do not have jurisdiction to enjoin him and have never submitted the President to declaratory relief . . . ." (citation omitted)); *Franklin v. Massachusetts*, 505 U.S. 788, 802–03 (1992) ("[I]n general 'this court has no jurisdiction of a bill to enjoin the President in the performance of his official duties.'" (quoting *Mississippi v. Johnson*, 71 U.S. (4 Wall.) 475, 501 (1866))); *id.* at 827 ("[W]e cannot issue a declaratory judgment against the President. It is incompatible with his constitutional position that he be compelled personally to defend his executive actions before a court." (Scalia, J., concurring in part)). Thus, the Court cannot remedy Plaintiff's alleged injury because the Court has no declaratory or injunctive power against President Biden.

### IV.   CONCLUSION

Accordingly, Plaintiff has not shown a likelihood of success on the merits against President Biden. Therefore, the Motion for Preliminary Injunction is **DENIED.** Further, Plaintiff will be given an opportunity to file a response addressing why this case against President Biden should not be dismissed. This response **MUST** be filed on or before **October 13, 2021.**

**SO ORDERED** on this **6th day of October, 2021.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE