**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

|  |  |  |
|---|---|---|
| DAVID A. FOLEY, | ) ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| *v.* | ) ) | Civil Action No. 4:21-cv-01098-O |
| JOSEPH R. BIDEN, JR., in his official capacity as PRESIDENT OF THE UNITED STATES, | ) ) ) ) ) | |
| *Defendant.* | ) ) ) | |

**DEFENDANT'S RESPONSE (1) TO PLAINTIFF'S MOTION
TO ADD PARTIES OR AMEND COMPLAINT, AND
(2) TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

On October 6, 2021, this Court entered an order denying Plaintiff's motion for a preliminary injunction and directing Plaintiff to show cause why his claims against President Biden should not be dismissed. Plaintiff has made two filings in response: first, a motion that seeks leave to add various individuals from the National Labor Relations Board ("NLRB") and Safer Federal Workforce Task Force ("Task Force") as Defendants, or alternatively to amend the complaint to include them as Defendants, *see* ECF No. 19; and second, a response to the order to show cause, which includes a request that the Court reconsider the denial of Plaintiff's preliminary injunction motion, *see* ECF No. 20.

As explained below, Plaintiff's motion to amend is procedurally deficient, and there is no basis for the Court to reconsider its denial of preliminary relief against President Biden—the only Defendant currently in this case and the only person against whom Plaintiff has asserted any claims for relief. If Plaintiff were to file a procedurally proper motion seeking leave to amend the complaint,

and such leave were granted, any parties to that new complaint could then litigate whatever claims Plaintiff chooses to assert.

1.    The Federal Rules contemplate two ways in which a plaintiff may add additional defendants to pending litigation. Under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. And under Rule 15, a plaintiff may amend a pleading, including to add additional defendants.

To the extent that Plaintiff is seeking relief exclusively under Rule 21, subject to a reservation of rights to oppose any claims filed against any new defendants, the government would not oppose an order adding the NLRB and Task Force parties as Defendants to this action. To be clear, however, even if individuals from NLRB and the Task Force were added as *parties*, Plaintiffs would still need to file an amended complaint that asserts *claims* against them. *See, e.g.*, *S.D. ex rel. S.D. R.R. Auth. v. Burlington N. & Santa Fe. Ry. Co.*, 280 F. Supp. 2d 919, 924 (D.S.D. 2003) ("[A] party can move to add a party under Rule 21 and, contingent upon such motion being granted, move for leave to serve and file the amended complaint."); *Age of Majority Educ. Corp. v. Preller*, 512 F.2d 1241, 1246 (4th Cir. 1975) (similar). And to obtain injunctive relief against these individuals, Plaintiff would need to file a proper motion demonstrating that he is entitled to such relief.

Under the law of this circuit, Plaintiff could have also added parties by filing an amended complaint under Rule 15. *See Bibbs v. Early*, 541 F.3d 267, 274 n.39 (5th Cir. 2008) (where Rule 15 applies, it "takes precedence" over Rule 21), *appeal after remand*, 418 F. App'x 362 (5th Cir. 2011); Fed. R. Civ. P. 15(a)(1) (permitting amendment as of right within 21 days of service of complaint). Plaintiff did not file an amended complaint, however, and the motion that he instead filed was defective because it did not include a proposed amended complaint. *See* Local Rule 15.1(b). The motion should therefore be denied without prejudice. *See, e.g.*, *Harmon v. Chau Nguyen*, No. 3:14-cv-2038-D, 2015 WL 13861483, at *1 (N.D. Tex. May 13, 2015).

2.        Because more than 21 days have now passed since Plaintiff filed his complaint and Defendant has not yet filed a responsive pleading or motion, the best reading of Rule 15 is that Plaintiff cannot now file an amended complaint as of right. *See, e.g.*, *Hancock Whitney Corp. v. Bourgeous*, No. 20-28-BAJ-SDJ, 2020 WL 4231575, at *1 (M.D. La. July 23, 2020) ("Rule 15(a)(1)(A) sets a separate deadline from Rule 15(1)(a)(B); thus, if the Plaintiff does not amend the complaint within 21 days of when it was served, Plaintiff deprives itself of the opportunity to do so, unless it obtains leave of court or unless Defendant files a responsive pleading, which would then trigger another 21-day period for Plaintiff to amend the Complaint."). Should Plaintiff elect to file a renewed motion seeking leave to amend, the government will respond in the ordinary course.

3.        Because President Biden is the only defendant against whom Plaintiff has asserted any claims, there is no basis for the Court to reconsider the denial of Plaintiff's motion for a preliminary injunction—even if the Court were inclined to treat Plaintiff's response to the Court's order to show cause as a motion seeking reconsideration (which it should not).[1] A motion seeking reconsideration of the denial of a preliminary injunction is appropriately analyzed as a motion seeking relief under Rule 59(e). *See Travelhost, Inc. v. Modglin*, No. 3:11-cv-456-G, 2012 WL 2049321, at *3 (N.D. Tex. June 6, 2012). Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citation omitted). Plaintiff makes no effort to show that this demanding standard is satisfied;

---

[1] Plaintiff's response to this Court's order to show cause was not filed as a motion, and it makes no effort to show that the demanding standard governing motions for reconsideration is satisfied. Nor did Plaintiff confer with Defendant before requesting reconsideration, as required by Local Civil Rule 7.1(a).

to the contrary, his filing consists almost entirely of pages of substantive argument that he could have presented, but did not, in his original two-page preliminary injunction motion, *see* ECF No. 4.

Most importantly, Plaintiff acknowledges that "Defendant is correct that the President himself is not subject to the Administrative Procedure[] Act," ECF No. 20 at 11, and he further acknowledges the constitutional difficulties associated with enjoining the President, s*ee id.* at 30-31.   That is an unambiguous concession that this Court's order was not premised upon a manifest error of law. Plaintiff evidently believes that those considerations would not apply if other parties were made defendants to this action, but as explained above, Plaintiff has not yet (1) named anyone other than President Biden as a Defendant; (2) filed a pleading asserting claims against anyone other than President Biden, or (3) filed a motion seeking preliminary relief against anyone other than President Biden.[2]   For those reasons—and all the others identified in Defendant's opposition brief, *see generally* Defs.' Opp'n to Pls.' Mot. for Prelim. Inj., ECF No. 16—there is no basis for reconsideration here.

## CONCLUSION

The Court should dismiss Plaintiff's claims against President Biden, at which point Plaintiff could file a procedurally proper motion to amend that includes a proposed amended complaint. Should such leave be granted, the parties may then litigate whatever claims Plaintiff elects to assert in that amended complaint.

---

[2] Preliminary relief is inappropriate for one additional reason.  On October 15, 2021, Plaintiff sent various NLRB officials an email in which he indicated that being vaccinated against COVID-19 would constitute a substantial burden on his religious exercise.  On October 26, 2021, NLRB responded to inform Plaintiff that it intended to process that communication as a request for a religious exception. (Defendant will provide the Court with copies of this correspondence if so directed.) Pursuant to guidance issued by the Safer Federal Workforce Task Force, Plaintiff will not be subject to any discipline while that request is pending, and if his is request is denied, he will have two weeks from the date of that denial to begin the vaccination process before being subject to discipline.  *See* Task Force, Frequently Asked Questions, Vaccinations, Limited Exceptions to Vaccination Requirement (last visited Oct. 29, 2021), https://www.saferfederalworkforce.gov/faq/vaccinations.  There is no emergency here.

Dated:  October 29, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

CHRISTOPHER HALL
CARLOTTA P. WELLS
Assistant Directors

/s/ *Steven A. Myers*

STEVEN A. MYERS
Senior Trial Counsel (NY Bar No. 4823043)
JOSEPH J. DEMOTT
R. CHARLIE MERRITT
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel:  (202) 305-8648
E-mail:  steven.a.myers@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2021, a copy of the foregoing was filed electronically via the Court's ECF system, which effects service upon counsel of record.

*/s/ Steven A. Myers*
Steven A. Myers