**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| DAVID A. FOLEY, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *v.* | ) | Civil Action No. 4:21-cv-01098-O |
| | ) | |
| JOSEPH R. BIDEN, JR., in his official | ) | |
| capacity as PRESIDENT OF THE UNITED | ) | |
| STATES, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND THE COMPLAINT**

In this challenge to the requirement that federal employees be vaccinated against the virus that

causes COVID-19, Plaintiff David A. Foley has sought leave to file an amended complaint asserting

claims against the President, the Chairman and General Counsel of the National Labor Relations

Board ("NLRB"), the co-chairs of the Safer Federal Workforce Task Force ("Task Force"), and the

Director of the Centers for Disease Control and Prevention. *See* ECF No. 22 ("Mot."). Plaintiff's

proposed pleading is rife with jurisdictional and other defects, many of which have been identified by

other courts. *See, e.g.*, *Rodden v. Fauci*, No. 3:21-cv-000317, 2021 WL 5545234, at *2–3 (S.D. Tex. Nov.

27, 2021) (order against Task Force cannot redress asserted injuries stemming from Executive Order

14043); *Rydie v. Biden*, No. 21-cv-2696, 2021 WL 5416545, at *2–*3 (D. Md. Nov. 19, 2021) (challenge

to Executive Order 14043 was likely precluded by Civil Service Reform Act). If the amended

complaint were filed, the government would file a lengthy motion to dismiss describing all of these

defects in substantial detail.

Given the current posture of this case, however, judicial economy is best served by denying leave to amend on the single, straightforward ground that Plaintiff's claims are constitutionally and prudentially unripe. Plaintiff's proposed amended complaint makes clear that Plaintiff has a pending request for a religious exception from the vaccination requirement, *see* ECF No. 22-1 ("PAC") ¶ 163. And as the government has repeatedly informed the Court, NLRB will not discipline Plaintiff for failing to become vaccinated while his request is pending, and he would have two weeks to become vaccinated before facing discipline in the event that his request were ultimately denied. *See* ECF No. 21 at 4 n.2; ECF No. 25 at 2. Because Plaintiff's exception request could be granted, his potential injuries depend "upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (citation omitted). The case is therefore unripe, and the Court should deny leave to amend. In the alternative, the Court should at a minimum hold this motion in abeyance until such time as Plaintiff's claims become ripe.

## BACKGROUND

### I.      Executive Order 14043

Executive Order 14043 instructs each federal agency to "implement, to the extent consistent with applicable law, a program to require COVID-19 vaccination for all of its federal employees, with exceptions only as required by law." Requiring Coronavirus Disease 2019 Vaccination for Federal Employees, Exec. Order No. 14043 § 2, 86 Fed. Reg. 50,989 (Sept. 14, 2021). It also directs the Task Force to "issue guidance . . . on agency implementation of this requirement." *Id.*

The Task Force guidance, like the Executive Order, recognizes that federal employees may be eligible for exceptions to the vaccination requirement based on a medical condition or religious objection, *see* Task Force, Frequently Asked Questions ("FAQs"), Vaccinations, Limited Exceptions to Vaccination Requirement, https://perma.cc/X78K-D9GD ("Exception FAQs"), and instructs each agency to "follow its ordinary process to review and consider what, if any, accommodation it

must offer" under applicable federal law, *see* Task Force, FAQs, Vaccinations, Enforcement of Vaccination Requirement for Federal Employees, https://perma.cc/X78K-D9GD ("Enforcement FAQs"); *see also* Template: Request for a Medical Exception to the COVID-19 Vaccination Requirement, https://perma.cc/F2VH-EYPP; Template: Request for a Religious Exception to the COVID-19 Vaccination Requirement, https://perma.cc/69LP-T72Y.

Per Task Force guidance, an employee who requests an exception should not be subject to discipline while the request is under consideration, and if any exception request is denied, the employee should be given two weeks from the denial to receive the first (or only) dose of a COVID-19 vaccine before being subject to discipline.  *See* Enforcement FAQs; Exception FAQs.

## II.     This Lawsuit

Plaintiff commenced this lawsuit by filing a complaint, along with a motion for preliminary injunction, on September 29, 2021.  *See* ECF Nos. 1, 4.  On October 6, 2021, the Court denied Plaintiff's motion and directed Plaintiff to "file a response addressing why this case against President Biden should not be dismissed."  ECF No. 18 at 3.  Plaintiff filed an initial motion to amend on October 8, 2021, *see* ECF No. 19, and on October 13, 2021, he filed a response to the Court's order, *see* ECF No. 20.  After Defendant observed that Plaintiff's first motion to amend was procedurally deficient because it did not include a proposed pleading, *see* ECF No. 21, Plaintiff filed his second motion to amend on November 12, 2021.  *See* Mot.

As is accurately reflected in Plaintiff's proposed amended complaint, on October 8, 2021, Plaintiff sent an email to various individuals, including "agents of the NLRB," in which he indicated that being vaccinated against COVID-19 "would constitute a substantial burden on my religious exercise."  PAC ¶ 156.  And "[o]n October 26, 2021, a member of the NLRB's COVID-19 taskforce responded to Plaintiff's October 15 email by informing him that the email would be treated as a request for a religious exception."  *Id.* ¶ 163.  The result is that as long as that request is pending,

Plaintiff will face no discipline for failing to become vaccinated, and indeed if his request were granted he would not need to become vaccinated.  *See* ECF No. 21 at 4 n.2; ECF No. 25 at 2.

The proposed amended complaint further reflects that on October 25, 2021, Plaintiff requested to begin using accrued hours of sick leave on the theory that, according to the government, his unvaccinated status would necessarily jeopardize his colleagues' health.  *See* PAC ¶ 162.  On November 10, 2021, NLRB denied the request.  *Id.* ¶ 165.

The proposed amended complaint asserts six claims:  claim one alleges compelled speech in violation of the First Amendment; claim two alleges a violation of the Religious Freedom Restoration Act ("RFRA"); claim three alleges procedural violations of the Administrative Procedure Act ("APA"); claim four alleges a violation of due process and the APA concerning the availability of exceptions; claim five seeks the approval of Plaintiff's sick leave request; and claim six alleges that the vaccination requirement violates Plaintiff's rights under the Fifth and Ninth Amendments.

## ARGUMENT

### The Court Should Deny Leave To Amend Because The Proposed Amended Complaint Fails To Assert Ripe Claims Over Which This Court May Exercise Jurisdiction.

The Court should deny leave to amend because the Court would lack jurisdiction over the speculative and hypothetical claims that are asserted in the proposed amended complaint.  *See, e.g.,* *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (leave to amend may be denied on grounds of futility).  Indeed, numerous courts have explained that "if a complaint as amended could not withstand a motion to dismiss or summary judgment, then the amendment should be denied as futile."  Arthur A. Wright & Charles A. Miller, Federal Practice and Procedure § 1487 (3d ed.) (footnote omitted); *see also, e.g.,* *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010); *Maurer v. Am. Airlines*, No. 4:05-CV-792-A, 2006 WL 8438508, at *3 (N.D. Tex. Oct. 25, 2006); *Stiger v. Deutsche Bank Nat'l Tr. Co.*, No. 3:15-CV-3075-N, 2016 WL 11474099, at *4 (N.D. Tex. July 5, 2016).

Here, there are many reasons why the proposed amended complaint could not survive a motion to dismiss. This opposition focuses on ripeness because the issues are straightforward and indisputable, and judicial economy counsels in favor of denying leave to amend on that basis without putting the parties to the burden of briefing all of the many issues in this case (though the government reserves its rights to file a comprehensive motion to dismiss if necessary).

> **A.      Claims Two, Three, Four, and Six Are Unripe Because It Is Unknown Whether Plaintiff's Exception Request Will Be Granted.**

The heart of the proposed amended complaint focuses on the requirement that Plaintiff personally be vaccinated against COVID-19: claim two suggests that such a requirement would unlawfully burden his religious exercise in violation of RFRA; claim three suggests that various aspects of the vaccination requirement violate the APA's procedural requirements; claim four suggests that Defendant's supposed failure to provide information about exceptions violates due process and the APA; and claim six suggests that the vaccination requirement violates Plaintiff's rights under the Fifth and Ninth Amendments.

These claims are all unripe, and the Court thus lacks subject matter jurisdiction to address them. *See Lopez v. City of Houston*, 617 F.3d 336, 341 (5th Cir. 2010) (ripeness is a component of subject matter jurisdiction). Plaintiff has a pending request for a religious exception, which NLRB is considering. It is unknown whether the request will be granted, and so long as the request is pending, Plaintiff will not be subject to discipline for failing to be vaccinated. This is a textbook case in which the claims depend "upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all,'" *Texas*, 523 U.S. at 300 (citation omitted), and the case is thus constitutionally unripe, *see Clapper v. Amnesty Int'l, USA*, 568 U.S. 398, 416 (2013) (fears of "hypothetical future harm" are not "certainly impending" as required under Article III).

Plaintiff's claims are also prudentially unripe in light of the administrative mechanisms for resolving Plaintiff's exception request and determining whether and what discipline could be imposed

if he does not receive an exception. *See Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386 (D.C. Cir. 2012) ("In the context of agency decision making, letting the administrative process run its course before binding parties to a judicial decision prevents courts from 'entangling themselves in abstract disagreements over administrative policies, and . . . protect[s] the agencies from judicial interference' in an ongoing decision-making process.'" (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). Even if NLRB ultimately were to deny Plaintiff's exception request—and that is by no means a foregone conclusion—it is impossible to know what discipline it would impose. Even if NLRB were to pursue removal, federal employees such as Plaintiff have additional procedural protections under federal law, up to and including review by the Merit Systems Protection Board and the Federal Circuit. *See* 5 C.F.R. § 752.404; 5 U.S.C. §§ 7513(d), 7703(b)(1). At a minimum, allowing these procedures to play out would solidify any dispute and create a concrete record that could guide the Court in its ultimate resolution of the issues.

Two courts have already held, in challenges to the same executive order at issue here, that a plaintiff with a pending exception request does not have ripe claims. *See Church v. Biden*, No. 21-2815, 2021 WL 5179215, at *9 (D.D.C. Nov. 8, 2021) (noting that potential injuries based on "hypothetical predictions of the outcomes of . . . exemption requests" are "insufficient to 'render an issue ripe for review.'" (citation omitted)); *Rodden*, 2021 WL 5545234, at *2 (claims unripe because "[t]here is little to suggest either how soon the exemption claims will be resolved or how likely the claimants are to prevail").[1] There is no reason for this Court to break new ground by holding otherwise.

---

[1] The quoted language from the *Rodden* opinion explained why plaintiffs with pending exception requests were not facing irreparable harm. Subsequent language makes clear that these individuals also lacked even "potentially ripe claims." *Rodden*, 2021 WL 5545234, at *3.

**B.      Claim One Is Unripe Because Plaintiff Does Not Allege That He Is At Imminent Risk Of Being Required To Speak In Favor Of COVID-19 Vaccination.**

Claim one is equally unripe and speculative.  Plaintiff suggests that "he will inevitably be tasked with encouraging/compelling subordinates to undergo injections" in violation of the First Amendment, *see* PAC ¶ 66, but he identifies no facts indicating that he would personally be tasked with encouraging employees to become vaccinated.  *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff must plead "factual content" to render claim plausible).   Executive Order 14043 was issued months ago, yet Plaintiff has not identified a single instance in which anyone told him that it was his responsibility—as opposed to the job of human resources officers, agency leadership, or other NLRB officials—to encourage employees to be vaccinated.  A claim seeking prospective relief is not ripe unless the injury is certainly impending, *see Clapper*, 568 U.S. at 416, and Plaintiff pleads absolutely nothing to satisfy that burden.

**C.      Claim Five Is Not Ripe Because It Is Precluded By The Civil Service Reform Act.**

Finally, claim five alleges that NLRB has wrongfully denied Plaintiff's sick leave request.  PAC ¶ 266.  That claim is not ripe because it is precluded by the Civil Service Reform Act ("CSRA").  As this Court has explained, "Congress enacted the CSRA as 'a comprehensive system for reviewing personnel action taken against federal employees.'"  *Crane v. Napolitano*, No. 3:12-cv-03247-O, 2013 WL 8211660, at *2 (N.D. Tex. July 31, 2013) (quoting *United States v. Fausto*, 484 U.S. 439, 455 (1988)), *aff'd*, *Crane v. Johnson*, 783 F.3d 244 (5th Cir. 2015).  "The CSRA's remedies are 'the comprehensive and exclusive procedures for settling work-related controversies between federal civil-service employees and the federal government.'"  *Id.* (quoting *Rollins v. Marsh*, 937 F.2d 134, 139 (5th Cir. 1991)).  Here, Plaintiff is complaining about the denial of a sick-leave request:  unquestionably a "decision concerning pay, benefits, or awards" within the meaning of 5 U.S.C. § 2302(a)(2)(A)(ix).  *See Risher v. Hibner*, 859 F. Supp. 1046, 1057 (E.D. Mich. 1994) ("determination of sick leave use [and

7

similar decisions] . . . are clearly 'personnel actions' covered under § 2302 of the CSRA"). If that decision were made for a prohibited reason, it would be a "prohibited personnel practice" as to which Plaintiff could seek relief from the Office of Special Counsel, 5 U.S.C. § 1214(a)(3). If it were not made for a prohibited reason, the CSRA would preclude relief entirely. *See, e.g.*, *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018) (CSRA shows "Congress's intent to entirely foreclose judicial review to employees to whom the CSRA denies statutory review."). Either way, federal employees have no right to file a civil action in federal district court any time their employing agency denies them permission to take sick leave.

## CONCLUSION

The Court should deny Plaintiff's motion to amend the complaint.

Dated: December 3, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

CHRISTOPHER HALL
CARLOTTA P. WELLS
Assistant Directors

/s/ *Steven A. Myers*
STEVEN A. MYERS
Senior Trial Counsel (NY Bar No. 4823043)
JOSEPH J. DEMOTT
R. CHARLIE MERRITT
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8648
E-mail: steven.a.myers@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2021, a copy of the foregoing was filed electronically via the Court's ECF system, which effects service upon counsel of record.

/s/ Steven A. Myers
Steven A. Myers