United States District Court

for the

Northern District of Texas

Fort Worth Division

|  |  | Case No. | 4:21-cv-01098-O |
|---|---|---|---|

DAVID A. FOLEY

*Plaintiff*

-v-

JOSEPH R. BIDEN, JR.
In his official capacity as President
of the United States only

*Defendant*

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff respectfully notifies this Honorable Court of the orders in *Texas v. Becerra*, No. 2:21-CV-229, (N.D. Tex. Dec. 16, 2021)[1] and *Florida v. Nelson*, No. 8:21-cv-2524-SDM-TGW, (M.D. Fla. Dec. 22, 2021)[2]. Plaintiff also respectfully notifies this Honorable Court of the differences between the case at bar and the following recent decisions: *McCray v. Biden*, No. 1:21-cv-02882-

---

[1] Available at https://cases.justia.com/federal/district-courts/texas/txndce/2:2021cv00229/355962/53/0.pdf?ts=1639651636

[2] Available at
https://www.bloomberglaw.com/public/desktop/document/StateofFloridavNelsonetalDocketNo821cv02524MDFlaOct282021CourtDoc/3?1640277811

RDM (D.D.C.); *Donovan v. Vance*, No. 4:21-cv-5148-TOR; *AFGE Local 501 v. Biden*, No. 21-23828-CIV, ECF No. 33, at 13-18 (S.D. Fla. Dec. 22).

## The Five Sister Mandates

To place these cases in proper perspective, it should be noted that there are five sister federal injection mandates which are being challenged in the federal courts. These are: 1.) the Military Mandate (issued by the Secretary of Defense on August 24, 2021), 2. the Federal Contractor Mandate (Executive Order 14042, issued on September 9, 2021), 3. the Federal Employee Mandate (Executive Order 14043, issued on September 9, 2021), 4. the CMS Mandate (issued by the Centers for Medicare and Medicaid Services on November 5, 2021), and the OSHA Mandate (issued by the Occupational Safety and Health Administration on November 5, 2021). As discussed in the supplemental cases referenced below, the courts do not view these sister mandates in isolation.  Indeed, neither does Defendant. Defendant's own words on his own website indicate that each action is part of a broader plan aimed at getting more injections into more American citizens.  See  https://www.whitehouse.gov/covidplan/#vaccinate ("The President's plan will reduce the number of unvaccinated Americans by using regulatory powers and other actions to substantially increase the number of Americans covered by vaccination requirements—these requirements will become dominant in the workplace.")

## *Texas v. Becerra* and the CMS Mandate

A court in this circuit and in this district recently examined the fourth sister, the CMS Mandate, in *Texas v. Becerra*, No. 2:21-CV-229, (N.D. Tex. Dec. 16, 2021). In relevant part, the court found that the CMS Mandate was overbroad where it "lacks exemptions for those who: (1) have natural immunity to COVID-19; (2) would prefer a testing option as an alternative; or (3) have little or no patient contact." The first problem, natural immunity, is a central issue in the case at bar. Substitute

the word "coworker" for "patient" and the third problem becomes identical to the "dangerous teleworker" absurdity that Plaintiff has raised throughout his filings in the case at bar.

With respect to the second problem, lack of testing alternative, Plaintiff has also raised this issue throughout and has compared the Federal Employee Mandate unfavorably against the OSHA Mandate. See EFC No. 1, at paragraph 130, page 37. In this regard, the court in *Texas v. Becerra* wrote at page 23, "Defendants allowed regular testing as an alternative to vaccination in the OSHA mandate but provide no explanation why that exception cannot apply here."

### *Florida v. Nelson* and the Federal Contractor Mandate

Examining the second sister, the Federal Contractor Mandate, Judge Merryday in *Florida v. Nelson*, No. 8:21-cv-2524-SDM-TGW, (M.D. Fla. Dec. 22, 2021) found that certain evidence regarding that mandate "suggests a ruse, a mere contrivance, superficially attempting to justify a sweeping, invasive, and unprecedented public health requirement imposed unilaterally by President Biden." Plaintiff similarly argued that the Federal Employee Mandate was issued under ruse justifications for the real purpose of increasing the number of vaccinated Americans.

### *McCray v. Biden*, No. 1:21-cv-02882-RDM (D.D.C.); *Donovan v. Vance*, No. 4:21-cv-5148-TOR; *AFGE Local 501 v. Biden*, No. 21-23828, ECF No. 33, at 13-18 (S.D. Fla. Dec. 22, 2021)

The orders in these cases were issued by courts from outside of the Fifth Circuit and addressed only those claims as were before them. They involved different procedural postures and they did not address the same theories and arguments put forth by Plaintiff in the case at bar. Some of the differences include the following.

They did not address the systemic harms put forth by Plaintiff or his theories as to why *Civil Service Act* preclusion is inappropriate in the case bar.

They did not address claims under the *Religious Freedom Restoration Act* and whether harms were established under that law where employees were made to make professions of faith to avoid compliance with an irrational and arbitrary policy.

They did not address whether a manager whose job description includes "ensur[ing] conformance with government-wide and Agency administrative regulations and policies" suffered harm when those policies suddenly included an unconstitutional policy that conflicted with his religious beliefs.

They did not address the reality that even if Plaintiff is offered some type of accommodation, that accommodation is certain to involve some type of adverse treatment.

Respectfully submitted this 23rd day of December, 2021

By: *[signature]*
------------------------------------
David A. Foley
Texas Bar No. 24122807
David.Foley.JMJ@proton.com
(682)325-8378
1542 Wayside Dr.
Keller, Texas


By: *[signature]*
------------------------------------
Daniel S. Flickinger
Alabama State Bar No. 9539N77F
dflick@gmail.com
205-470-6997
P.O. Box 36956
Hoover, AL 35236

4

## Certification of Service

I certify that I have served the above Notice of Supplemental Authority by virtue of electronic service on all parties via the e-file system on December 23, 2021.

\---------------------------
David A. Foley
Texas Bar No. 24122807
David.Foley.JMJ@proton.com
(682)325-8378
1542 Wayside Dr.
Keller, Texas