**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DAVID A. FOLEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **JOSEPH R. BIDEN, JR.,** | § | **Civil Action No. 4:21-cv-01098-O** |
| In his official capacity as the President of | § | |
| the United States of America, | § | |
| | § | |
| **Defendant.** | § | |

**ORDER**

On January 21, 2022, the United States District Court for the Southern District of Texas entered a nationwide preliminary injunction prohibiting the implementation or enforcement of Executive Order 14043. *Feds for Medical Freedom v. Biden*, No. 21-356, 2022 WL 188329 (S.D. Tex. Jan. 21, 2022). That decision was reversed by the Fifth Circuit, in an opinion holding that the Civil Service Reform Act precludes a federal employee's challenge to Executive Order 14043, but the mandate did not immediately issue and the injunction remained in effect. *See Feds for Medical Freedom v. Biden*, 30 F.4th 503 (5th Cir. 2022). On June 27, 2022, the Fifth Circuit granted the plaintiffs' petition for rehearing en banc, vacated the panel opinion, ordered supplemental briefing, and set the case for oral argument for the week of September 12, 2022. *See Feds for Med. Freedom v. Biden*, No. 22-40043 (5th Cir. June 27, 2022). Thus, the preliminary injunction remains in effect and Executive Order 14043 will not be enforced against Plaintiff.

"A district court has inherent discretionary authority to stay a case." *Mulvey v. Vertafore, Inc.*, No. 3:21-cv-00213, 2021 WL 4137522, at *1 (N.D. Tex. May 7, 2021) (citing *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990)). The parties agree the outcome *Feds for Medical*

*Freedom* litigation will necessarily affect the issues before this Court. *See* Status Report 2, ECF No. 38. But Plaintiff argues that the claims are not *exactly* the same between the two cases: Plaintiff's proposed Amended Complaint also contains theories of violation not currently before the Fifth Circuit. *Id.* But if the Fifth Circuit upholds the preliminary injunction, it is unclear how Plaintiff would suffer any of these proposed harms. Continuing duplicative litigation in this Court would be an inappropriate and ineffective route to remedy the violation of another court's injunction. The Court thus **STAYS** this action and **DIRECTS** the Clerk of Court to administratively close the case. The parties may move to reopen when the reasons for the stay have expired.

**SO ORDERED** on this **12th day** of **August, 2022**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE